Louis Pechman
Gianfranco J. Cuadra
Gregory S. Slotnick
Pechman Law Group PLLC
488 Madison Avenue, 11th Floor
New York, New York 10022
Tel.: (212) 583-9500
pechman@pechmanlaw.com
cuadra@pechmanlaw.com
slotnick@pechmanlaw.com
*Attorneys for Plaintiff & the
Putative FLSA Collective*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

ARBEN KRASNIQI, on behalf of himself and all others similarly situated,

        Plaintiff,

-against-

RAPI INC. d/b/a BRIOSO RISTORANTE, PIETRO DIMAGGIO, and RAFFAELE DIMAGGIO,

        Defendants.

------------------------------------------------------------X

**COLLECTIVE ACTION**

**COMPLAINT**

    Plaintiff Arben Krasniqi ("Plaintiff" or "Krasniqi"), on behalf of himself and all others similarly situated, by his attorneys Pechman Law Group PLLC, complaining of defendants Rapi Inc. d/b/a Brioso Ristorante ("Brioso"), Pietro DiMaggio, and Raffaele DiMaggio (collectively, "Defendants"), alleges:

### NATURE OF THE ACTION

    1.  Brioso Ristorante, an Italian restaurant in Staten Island, New York, failed to pay Plaintiff and the rest of its waiters, runners, and bartenders any wages whatsoever. These employees worked only for tips left by Brioso's customers. Busboys at Brioso were paid $10.00 per shift, regardless of the number of hours they actually worked per workday. Brioso's owners also retained portions of the tips that customers

left for the waitstaff on a nightly basis, failed to provide Plaintiff and the waitstaff with wage notices upon hiring and when their rates of pay changed, and did not provide them with accurate wage statements at the end of each pay period.

2. Upon these facts, Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and New York Labor Law § 190 *et seq.* ("NYLL") seeking injunctive and declaratory relief against Defendants' unlawful actions and to recover unpaid minimum and overtime wages, spread-of-hours pay, misappropriated gratuities, liquidated damages, statutory damages, pre- and post-judgment interest, and attorneys' fees and costs.

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391, as Brioso is located in the Eastern District of New York.

## THE PARTIES

**Plaintiff**

5. Krasniqi resides in Richmond County, New York.

6. Defendants employed Krasniqi as a waiter from approximately January 1, 2013, through the end of April 2017.

7. As a waiter, Krasniqi took orders from and served Brioso customers and was also responsible for stocking the bar, taking customer reservations, organizing chairs before opening and after closing, and cleaning the refrigerator, bar, and office.

8. Krasniqi is a covered employee within the meaning of the FLSA.

2

**Defendants**

9. Defendant Rapi Inc. is a New York corporation that owns, operates, and does business as Brioso Ristorante, an Italian restaurant located at 174 New Dorp Lane, Staten Island, New York 10306.

10. Brioso is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

11. Brioso has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

12. Brioso's annual gross volume of sales exceeds $500,000.

13. Defendant Pietro DiMaggio is an owner of Brioso.

14. Pietro DiMaggio exercises sufficient control over Brioso's operations to be considered the Brioso waitstaff's employer under the FLSA and NYLL.

15. Throughout Krasniqi's employment, Pietro DiMaggio disciplined, hired, and fired Brioso waitstaff, including Krasniqi.

16. During the same period, Pietro DiMaggio determined the tip distributions of Brioso waitstaff from the restaurant's tip pool.

17. During the same period, Pietro DiMaggio was regularly present at the Staten Island, New York Brioso location six days per week.

18. Defendant Rafaelle DiMaggio is an owner of Brioso.

19. Raffaele DiMaggio exercises sufficient control over Brioso's operations to be considered the Brioso waitstaff's employer under the FLSA and NYLL.

20. From approximately January 1, 2013, through approximately January 2016, Raffaele DiMaggio disciplined employees, hired and fired employees, determined

3

tip distribution amounts from the tip pool, and otherwise controlled the terms and conditions of their employment.

21. During the same period, Raffaele DiMaggio decided the pay rates of Brioso waitstaff, including Krasniqi's.

22. Raffaele DiMaggio was regularly present at the Staten Island, New York Brioso location 4 days per week until approximately January 2016. Since then, Raffaele DiMaggio has been present at Brioso occasionally.

## COLLECTIVE ACTION ALLEGATIONS

23. Krasniqi brings the claims in this Complaint arising out of the FLSA on behalf of himself and all similarly situated waiters, bussers, runners, and bartenders (the "waitstaff") who are current and former employees of Defendants since the date three years prior to the filing of this action who elect to opt-in to this action (the "FLSA Collective").

24. The FLSA Collective consists of approximately sixty waitstaff who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them minimum and overtime wages, spread-of-hours pay, tips, and other monies.

25. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA and NYLL. This policy and pattern or practice includes, *inter alia*, the following:

   a. failing to keep accurate records of hours worked by the FLSA Collective as required by the FLSA and the NYLL;

   b. failing to pay the FLSA Collective minimum wages for all hours worked;

4

c. failing to pay the FLSA Collective overtime pay for all hours worked over forty;

d. depriving the FLSA Collective of tips that they earned;

e. failing to pay the FLSA Collective spread-of-hours compensation for each day in which their workdays spanned more than ten hours;

f. failing to provide the FLSA Collective with accurate wage statements at the end of each pay period; and

g. failing to provide the FLSA Collective with wage notices at the time of hiring or whenever their rates of pay changes.

26. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees their compensation.

27. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to the FLSA Collective.

28. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Brioso and are readily identifiable and locatable through its records. Those similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

29. Throughout his employment at Brioso, Defendants did not pay Krasniqi any wages whatsoever. Krasniqi worked only for tips left by Brioso's customers.

30. From approximately January 1, 2013, through approximately December 31, 2016, Krasniqi regularly worked six days per workweek, Tuesday through Sunday, from approximately 10:30 a.m. to 12:00 a.m., totaling approximately 81 hours per week.

31. From approximately January 1, 2017, through the end of April 2017, Krasniqi regularly worked five days per workweek, including two shifts from

approximately 10:30 a.m. to 12:00 a.m., and three shifts from approximately 3:00 p.m. to 12:00 a.m., totaling approximately fifty-four hours per week.

32. Occasionally, Krasniqi also worked on Mondays.

33. Throughout his employment, Raffaele and Pietro DiMaggio retained portions of the tips that customers left Krasniqi and the rest of the waitstaff.

34. Whenever the register at Brioso was short, Defendants required Krasniqi and the waitstaff to leave some of their tip money in the register.

35. Defendants retained a uniform 5% charge on all customer credit card charges, which was a higher percentage than the credit card company fees for purchases.

36. Whenever customers paid using gift cards at Brioso, Defendant Pietro DiMaggio pocketed the amounts on the gift cards in excess of customers' bills, even though customers intended to leave those extra amounts as tips for the waitstaff.

37. Defendants required the waitstaff to pay for breakages (*e.g.*, of dishware) and for mistakes and returns (*e.g.*, customers returning orders) out of their tips.

38. Defendants did not furnish Krasniqi with wage notices upon hiring.

39. Defendants did not furnish Krasniqi with an accurate statement of wages at the end of every pay period.

## FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Minimum Wage)

40. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

41. Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a), and employed Plaintiff and the FLSA Collective.

6

42. Defendants were required to pay Plaintiff and the FLSA Collective the applicable minimum wage rate.

43. Defendants failed to pay Plaintiff and the FLSA Collective the minimum wages to which they were entitled under the FLSA.

44. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

45. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM
### (New York Labor Law – Unpaid Minimum Wage)

46. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

47. Defendants are employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations, and employed Plaintiff.

48. Defendants failed to pay Plaintiff and the FLSA Collective the minimum hourly wages to which they were entitled under the NYLL.

49. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff and the FLSA Collective minimum hourly wages.

50. As a result of Defendants' violations of the NYLL, Plaintiff and the FLSA Collective are entitled to recover unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

### THIRD CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

51. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

52. Defendants were required to pay Plaintiff and the FLSA Collective one and one-half (1½) times their regular hourly rates for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

53. Defendants have failed to pay Plaintiff and the FLSA Collective the overtime wages to which they were entitled under the FLSA.

54. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and the FLSA Collective overtime wages.

55. Due to Defendants' violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

### FOURTH CLAIM
### (New York Labor Law – Unpaid Overtime)

56. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

57. Under the NYLL and supporting New York State Department of Labor Regulations, Defendants were required to pay Plaintiff and the FLSA Collective one and one half (1½) times their regular hourly rates for all hours worked in excess of forty per week.

8

58. Defendants have failed to pay Plaintiff and the FLSA Collective the overtime wages to which they were entitled under the NYLL.

59. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff and the FLSA Collective overtime wages.

60. Due to Defendants' willful violations of the NYLL, Plaintiff and the FLSA Collective are entitled to recover unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

### FIFTH CLAIM
#### (New York Labor Law – Spread-of-Hours Pay)

61. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

62. Defendants willfully failed to pay Plaintiff and the FLSA Collective additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked more than ten hours.

63. By Defendants' failure to pay Plaintiff and the FLSA Collective spread-of-hours pay, Defendants willfully violated the NYLL Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations, including, but not limited to the Wage Hospitality Industry Wage Order, 12 N.Y.C.R.R. § 146-1.6.

64. Due to Defendants' willful violations of the NYLL, Plaintiff and the FLSA Collective are entitled to recover an amount prescribed by statute, reasonable attorneys' fees and costs of the action, pre- and post-judgment interest, and liquidated damages.

### SIXTH CLAIM
#### (New York Labor Law – Misappropriation of Gratuities)

65. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

66. Defendants unlawfully demanded or accepted, directly or indirectly, part of the gratuities received by Plaintiff and the FLSA Collective in violation of NYLL, Article 6, § 196-d and the supporting New York State Department of Labor Regulations.

67. Defendants required Plaintiff and the Brioso waitstaff to share a portion of the gratuities they received with employees other than waiters, bussers, runners, bartenders, or similar employees, in violation of NYLL, Article 6, § 196-d and the supporting New York State Department of Labor Regulations.

68. By Defendants' knowing or intentional demand for, acceptance of, and/or retention of a portion of the gratuities received by Plaintiff and the FLSA Collective, Defendants have willfully violated the NYLL, Article 6, § 196-d and the supporting New York State Department of Labor Regulations.

69. Due to Defendants' willful violations of the NYLL, Plaintiff and the FLSA Collective are entitled to recover from Defendants' unpaid gratuities, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs, and pre- and post-judgment interest.

### SEVENTH CLAIM
### (New York Labor Law – Failure to Provide Wage Notices)

70. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

71. Defendants failed to furnish to Plaintiff and the FLSA Collective a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191, and anything otherwise required by law; in violation of NYLL § 195(1).

72. Due to Defendants' violation of NYLL § 195(1), Plaintiff and the FLSA Collective are entitled to recover from the Defendants liquidated damages of $50.00 per workday that the violation occurred, up to a maximum of $5,000.00, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to NYLL § 198(1-b).

### EIGHTH CLAIM
### (New York Labor Law – Failure to Provide Accurate Wage Statements)

73. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

74. Defendants failed to furnish to Plaintiff and the FLSA Collective, with each wage payment, a statement accurately listing: rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

75. Due to Defendants' violation of the NYLL, § 195(3), Plaintiff and the FLSA Collective are entitled to recover from the defendants liquidated damages of $250.00 per workday, up to a maximum of $5,000.00, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court:

    a. authorize the issuance of notice at the earliest possible time to all potential FLSA Collective members, composed of persons who were employed by Defendants as waitstaff (*i.e.*, waiters, bussers, runners, and bartenders) during the three years immediately preceding the filing of this action. This notice should inform them

that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

  b. declare that Defendants have violated the minimum and overtime wage provisions of the FLSA and the NYLL;

  c. declare that Defendants have violated the spread-of-hours provisions of the NYLL and the New York State Department of Labor Regulations;

  d. declare that Defendants misappropriated gratuities in violation of the NYLL and the New York State Department of Labor Regulations;

  e. declare that Defendants violated the notice and record keeping provisions of the Wage Theft Prevention Act;

  f. declare that Defendants' violations of the FLSA and NYLL were willful;

  g. enjoin future violations of the FLSA and NYLL;

  h. award Plaintiff and the FLSA Collective damages for unpaid minimum and overtime wages, misappropriate gratuities, and spread-of-hours pay;

  i. award Plaintiff and the FLSA Collective liquidated damages pursuant to the FLSA and NYLL;

  j. award Plaintiff and the FLSA Collective statutory damages as a result of Defendants' failure to furnish wage notices upon their hiring or whenever their rates of pay changed pursuant to the NYLL;

  k. award Plaintiff and the FLSA Collective statutory damages as a result of Defendants' failure to furnish them with accurate wage statements at the end of each pay period pursuant to the NYLL;

  l. award Plaintiff and the FLSA Collective pre- and post-judgment interest under the FLSA and the NYLL;

m.  award Plaintiff and the FLSA Collective reasonable attorneys' fees and costs pursuant the FLSA and the NYLL; and

n.  award such other and further relief as the Court deems just and proper.

Dated: New York, New York
June 30, 2017

PECHMAN LAW GROUP PLLC

By: _____
Louis Pechman
Gianfranco J. Cuadra
Gregory S. Slotnick
488 Madison Avenue, 11th Floor
New York, New York 10022
Tel.: (212) 583-9500
pechman@pechmanlaw.com
cuadra@pechmanlaw.com
slotnick@pechmanlaw.com
*Attorneys for Plaintiff & the Putative FLSA Collective*